on May 25 appellant filed with clerk of Supreme Court an affidavit of inability to print; on June 8 respondent's attorney served notice of this motion with affidavit of above facts, and of the further fact that no printed or written copies of the "Case" had been served upon him.

No. 2956. State v. McFail. April Term, 1892. This was an order per curiam, May 24, 1892, refusing motion of defendant, appellant, for further time within which to print and serve this "Case." In refusing the motion the court said: It appears that this case was tried at the November term, 1891, of the Court of General Sessions for Barnwell County; the defendant was convicted of manslaughter, and sentence was passed November 20th, 1891. Notice of appeal was given on the same day. The appellant's proposed "Case" was served on the solicitor January 22d, 1892, the solicitor accepted service, with the distinct notice endorsed thereon, that no further agreements would be made, and that appellant would be required to observe the rules of court. Amendments to the proposed "Case" were served January 22d, 1892; and the "Case" was settled by the Circuit Judge February 16th, 1892. The next step in the preparation of the "Case" for hearing on appeal is the letter of the stenographer, dated May 9th, 1892, explaining his delay. In this letter the stenographer says he expects to commence the preparation of his work on that day or the next, and would soon have it written off. Fourteen days have elapsed since that time, and no reason has been shown why the testimony, as taken by him, has not been furnished. Under the circumstances, it appears to the court that there has been inexcusable delay in the preparation of the "Case." It is true, the motion is addressed to the discretion of the court; but it must be a reasonable discretion, and in its exercise the court is bound to look at both sides. *G. W. M. Williams*, for the motion. *Murphy*, solicitor, contra.

No. 2958. Same v. Same. April Term, 1892. This was an order per curiam May 28, 1892, refusing a motion for continuance, and dismissing the appeal for want of prosecution, the court saying:

It is true, this is a motion addressed to the discretion of the

court; but this discretion is not a mere capricious one, but is a discretion having regard to the due and efficient administration of justice. One of the crying evils of the day is the tardy and unwarranted delay in the administration of justice, especially in criminal cases. To prevent such delinquencies, the court has framed rules, and it is our duty to administer them. In this case it appears that the case was settled by the Circuit Judge on the 16th of February, 1892, more than three months ago. The solicitor, in accepting service of the proposed "Case" January 22nd, 1892, gave notice in writing that "no further agreement will be made—the 'Case' must be perfected, as required by the rules of the court." When the case was called for a hearing on the 25th inst., the Briefs had not been filed, though over three months had elapsed. The solicitor then moved to dismiss the appeal for want of prosecution, which motion was suspended and the appellant was allowed until to-day to prepare his "Case" for hearing; and now he is still unprepared. The court is unanimously of opinion that there is no excuse for the delay. Motion to continue refused, and motion to dismiss appeal for want of prosecution granted.

No. 2962. Thereupon this same appellant filed his petition to have the said appeal reinstated, and for further time within which to perfect his appeal. Upon this petition the following order was passed PER CURIAM June 14, 1892:

This is a motion to reinstate an appeal heretotofore dismissed by the order of this court, and. is therefore in the nature of a petition for rehearing. We are unable to discover that this court committed any error in granting the previous order; and we are unable to perceive that the showing made upon the hearing of this motion is substantially different from that heretofore made. It is therefore ordered, that the motion be refused, and that the stay of the *remittitur* heretofore granted be and the same is hereby revoked. It is further ordered, that the clerk of this court do, without further delay, send down the *remittitur* to the Circuit Court of General Sessions for Barnwell County.

NOTE.—This case of State *v.* McFail has been taken to the Supreme Court of the United States under writ of error granted by MR. JUSTICE LAMAR of that court, on August 10, 1892.